NAME: Ruchell Cinque Magee

PRISON NUMBER: A92051

CURRENT ADDRESS OR PLACE OF CONFINEMENT: CSP (CAC) # Box 4670

CITY, STATE, ZIP CODE: Lancaster, CA 93539

*U.S. COURT OF APPEALS RECEIVED MAY 14 2014 FIFTH CIRCUIT*

*U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA FILED MAY 19 2014 WILLIAM W. BLEVINS CLERK*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF Louisiana

**14-1145**

Ruchell Cinque Magee

Full Name of Petitioner

PETITIONER

V.

J. Soto, Warden

Name of Warden, Superintendent, JAILER OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER (E.G. Director of the California Department of Corrections))

RESPONDENT

And

The Attorney General of the State of Louisiana California, Additional Respondent.

Civil No. _____
(To be filled in by Clerk of U.S. District Court)

**SECT. J  MAG. 2**

Petition For Writ of Habeas Corpus

*RECEIVED MAY 15 2014 U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA DEPUTY CLERK*

1. Name and location of the court that entered the judgment of conviction under attack: 22nd Judicial District, Washington Parish, Franklinton, Louisiana

2. Date of judgment of conviction: February 6, 1956

3. Trial court case number of the judgment of conviction being challenged: 10-755

4. Length of sentence: 12-years

Fee 5.00
___ Process ___
 x  Dktd ___
___ CtRmDep ___
___ Doc. No. ___

5. Sentencing start date and projected release date: _____N/A_____

6. Offense(s) for which you were convicted or pleaded guilty (all counts): __Attempted aggravated Rape__

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the __Court of Appeal?__
    ☐ Yes  ☒ No

11. If you appealed in the __Court of Appeal__, answer the following:
    (a) Result: __N/A__
    (b) Date of result, case number and citation, if known: _____
    (c) Grounds raised on direct appeal: _____

12. If you sought further direct review of the decision on appeal by the __Supreme Court__ (e.g. a Petition for Review), please answer the following:
    (a) Result: __N/A__
    (b) Date of result, case number and citation, if known: __N/A__
    (c) Grounds raised: _____

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:  N/A

   (a) Result: _____

   (b) Date of Result, case number and citation, if known: __N/A__

   (b) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a Petition for Writ of Habeas Corpus) with respect to this judgment in the **Superior Court?**

☒ Yes ☐ No

15. If your answer to #14 was "Yes" give the following information:

   (a) Superior Court Case Number: __10-755, Supra__

   (b) Nature of Proceeding: __Habeas Corpus - CERTIFICATE of Pardon and Request for Expungement of all records, or produce full records__

   (c) Grounds Raised: __NEW LAWS AND EVIDENCE OF ACTUAL INNOCENCE WAIVED LIMITATION· Denied Counsel- Deprived right to testify based on color of skin; Minor tried in Adult Court; False Arrest; Witnesses denied right to testify, mob trial__

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

   (e) Result: __Denied__

   (f) Date of Result: _____

16. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a Petition for Writ of Habeas Corpus with respect to this judgment in the **Court of Appeal?**

☒ Yes ☐ No

17. If your answer to #16 was "Yes" give the following information:
    (a) Court of Appeal Case Number: 2013-KH-2291 Louisiana Supreme Ct.
    (b) Nature of proceeding: CERTIFICATE OF Pardon, Production of Record*
    (c) Grounds raised: 1) Actual Innocence; 2) prosecuted a minor (15 yrs of age) in Adult Court; (3) denied Counsel defense against false and conflicting testimony in Mob trial; (4) denied Sixth Amendment Rights to testify and Produce Witnesses in my behalf. No Black people allowed jury
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No
    (e) Result: Denied
    (f) Date of Result: April 14, 2014, or about

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a Petition for Writ of Habeas Corpus with respect to this judgment in the **Supreme Court**?
    ☒ Yes ☐ No

19. If your answer to #18 was "Yes" give the following information:
    (b) Supreme Court Case Number: 2013-KH-2291
    (b) Nature of proceeding: Habeas Corpus
    (c) Grounds raised: Same above mentioned Paragraph 17

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No
    (e) Result: Denied in conflict with U.S. Supreme Court recent decisions
    (f) Date of Result: April 14, 2014 or about

20. If you did *not* file a petition, application, or motion (e.g. a Petition for Review or a Petition for Writ of Habeas) with the _____ **Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your first federal petition for writ of habeas corpus challenging this conviction?

    ☐ Yes ☒ No (If "Yes" SKIP to #22)
    (a) If no, in what federal court was the prior action filed? _Eastern District Louisiana_
      (i) What was the prior case number? _2:11-cv-1603_
      (ii) Was the prior action (CHECK ONE):
        ☐ Denied on the merits?
        ☒ Dismissed for procedural reasons?
      (iii) Date of decision: _July 2011, or about_
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☒ Yes ☐ No

    (b) If the prior case was denied on the merits, has the       Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☒ No

## CAUTION

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming ineffective assistance of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach paper stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** Louisiana Supreme Court erred by denying Habeas Corpus without hearing in conflict with Supreme Court recent decisions' governing Innocence and Prosecution against minor's

Supporting FACTS (state *briefly* without citing cases or law) The Louisiana Supreme Court failed to consider evidence Of ACtual Innocent raised before the Louisiana State Pardon Board April 12, 2013, or about showing evidence of 1) Petitioner was subjected to Vindictive Prosecution 1956, February, a minor at age 15, for alleged aggravated attempted rape. Because the petitioner was Black, and his accuser was white, only the accuser was allowed to speak in Court. No member of the petitioner's family or ther Black person was allowed to testify because No Black In Washington Parish- then Known as stronghole for the K.K. Klans was allowed to tetsify in Washington Parish Court at Franklinton, Louisiana. 2) Petitioner had no Counsel for his defense; 3) Blacks in Court was never referred as Negroes or Black, or defendant, they was referred as nigger, as will show by trial records. 3) With no rights than in Court, my accuser (Mrs. D.Crockern) was allowed to give false and conflicting testiminey where doing a one man lineup in her yard about ten minutes after she screamed a nigger boy come in her house and tried to rape her, she stated to police that petitioner was not the nigger who tried to rape her. At approximately 1:Oclock, P.M. petitioner was standing in front of Welsh Theater, around several people, and Crockern told the Police that petitioner was the one who tried to rape her.

Did you raise **GROUND ONE** in the Supreme Court?

☒ Yes ☐ No

( Continue Ground One ):

On August 5, 1955, or about, petitioner was placed in the Washington Parish Jail, where he remained until after mob trial February 8, 1956.

The Pardon Board failed to deny or grant expungment of all documents/records of the Mob trial, without explaining ...

The 22nd Judicial District Court of Washington Parish failed to expunge the records/documents in case No. 10-755, Supra, without explaining...

The Louisiana Supreme Court was asked by petitioner's habeas corpus to allow a hearing (reasonable) judge to grant habeas corpus relief based on the U.S. Supreme Court recent decision's regarding state limitation not applied in the case of Innocence. ( McQuiggis, Warden vs- Perkins (2013) 133 S. Ct. 1924, [ 185 L. Ed 2d 1019].)

New evidence :   In 1956, and before, no Blacks was allowed to be Grand jury, nor Petit jury in Washington Parish, and its was no considered as discrimination.  It was not considered racist trial for the judge, jury and prosecutor to accept false testimony by White People against black people who was not allowed to testify, and refer to Black defendant's as nigger.   The law prohibited all of these racist trials, as showing also in the decisions of :

1. McQuiggis, Warden, 133 S.Ct. 1924, Supra;   Schlup, 513 U.S.
2. at 330, 115 S. Ct. 851.
3. WASHINGTON PARISH:THE RACIST HATE CRIME FRAMEUP
4. CONTINUES:
5. April 2, 2014, the 22nd Judicial District Court of
6. Washington Parish; the Louisana state Pardon Board and
7. Louisiana Supreme Court justices conspired and plotted
8. with the California state Parole Board to resentence the
9. petitioner on false charge and illegal conviction-claiming
10. the aggrevated attempted Rape conviction may be used
11. indefinite to increase prison term until death.
12. California authority use as evidence, piece - document's
13. made by the 22nd District Court, case # 10-755, Supra.
14. Petitioner had no defense against the fraudulently
15. document's used for resentencing, without a jury .
16. Said documents used cannot be cross-examined, and
17. they change reading  when it suit the need of those
18. resentencing petitioner based on under cover  racism.
19. U.S. Supreme Court also issued decisions
20. prohibiting 22nd Judicial District Court from trial's
21. discriminating against Black jury's in Alexander vs-
22. Louisiana, 405 U.S. 625, 626 , 31 L. Ed.2d 536 (1972);also
23. Pierre vs- Louisiana, 306 U.S. 354, 59 S.Ct.536, 83 L.Ed. 757.
24.
25. In the present case, before the Louisiana Board of
26. Pardon, moreso, petitionerhas come forward with sufficient
27. proof of his actual innocence to bring him  the narrow
28.                                    6/b

class of cases...implicating a fundamental miscarriage of justice Id. at 314 - 15, 115 S. Ct. 851 ( Quoting McCleskey v- Zant, 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1997).)

Full and fair hearing was required by the Louisiana Supreme Court, because evidence shows a hate crime frameup, in the case of the mob trial issuing 12 yeras imprisonment, which turned into a death sentence; more than Six - decades changing up of resentencing by under cover racists who has placed themselves above the law- because they was able to carry out mob trial 1956 - left uncorrected.

The resentencing tactics satisfied its stricture involved dramatic new evidence of innocence. The Pardon Board do not respond to why it set - straddling the fence in silence, it recognizes hate - crime frameup complained of ...casts doubt on the conviction by undercutting the reliability of the proof of guilt, even not affirmatively prov[e] innocence.

Full and fair hearing was required by the state Courts. (28 U.S.C., Section 2254 (d). Sumner v- Mata, 449 U.S. 539, 101 S.Ct. 764, 768, 769, 66 L. Ed. 2d. 722 (1981).

In the case at bar, the state court ignored the fact that the petitioner had no counsel to assist him on his innocence claim. No counsel to assist him on right to testify, and produce witnesses in his defense, even the witnesses appeared- but was ordered excluded from the Court throughout the trial, because they was Black people, one

6/c

of the witness included the mother (Mrs. Elmer Magee) of the petitioner.

Petitioner had no counsel to ask for a competence hearing to determine if he understood the proceedings taking against him. Upon entering state prison, Angola, petitioner was documented by psychologist as having a 75 I.Q.

The Louisiana Supreme Court decision denying habeas corpus conflict with Supreme Court decisions, upholding established law governing actual innocence.

See also Allegne vs- United States  2013 DJDAR 76   78 (june 17, 2013) Justice Clarence Thomas, writing for a slim' majority of 5-4, overturned the court's earlier rulings that a jury verdict not required for sentencing ranges that exceed the statutory minimum - only the statutory maximum.

The hate crime frameup of 1955, changes sentences by state authority of California using another hate crime which a Jury of San Francisco County, California, acquitted petitioner of the charge of kidnap for extortion charged by 1970, November 10, defective indictment.

Adding frameups for resentencing based on racism stalking the petitioner, and the public need federal investigation, and  correcting in the interest of justice.

Klans has come up with too much corruption in the judicial system with psychic ability to corrupt judges.

------------------------------------



6/d

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_Ruchell Cinque Magee_
Signature of Attorney (if any)

I declare under the penalty of perjury that the foregoing is true and correct. Executed on
May 8, 2014
Date

_Ruchell Cinque Magee_
Signature of Petitioner

## PROOF OF SERVICE

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. §1746)

I, **RUCHELL CINQUE MAGEE** declare:

I am over 18 years of age and a party to this action. I am a resident of _____ **California State** Prison, in the county of **Los Angeles**, State of California. My prison address is **P.O. Box 4670, # CDC# A92051 Lancaster, Calif. 93539**.

On **May 8, 2014**
(date)

I served the attached: **Writ of Habeas Corpus**

(Describe Document)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Attorney Attorney General
Dept. Of Justice
New Orleans, La

Atty . Gen.
600 South Spring St.
Los Angeles, Ca 90015

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **May 8, 2014**
(date)

_Ruchell Cinque Magee_
Declarant's Signature



U.S. POSTAGE PAID TULSA, OK 74106 MAY 16, 14 AMOUNT $1.61

U.S. POSTAGE PAID TULSA, OK 74106 MAY 16, 14 AMOUNT $6.00

7013 1090 0001 4745 3793

Mr. Ruchell Cinque Magee
California State Prison - Los Angeles County
CDC # A92OF Facility D Building 3 Bed 124
P.O. Box 4670
Lancaster, CA 93539

U.S. District Court, Eastern District
500 Poydras Street
New Orleans, LA 70130